IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **JASON M. CROUSE, et al,** ) | |
| ) | |
| Debtors. ) | |
| ) | |
| **JASON M. CROUSE and REGINA L.** ) | |
| **CROUSE,** ) | |
| ) | |
| Appellants, ) | |
| ) | |
| vs. ) | **CIVIL NO. 11-478-GPM** |
| ) | |
| **AGRICREDIT ACCEPTANCE, LLC,** ) | |
| ) | |
| Appellee. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This bankruptcy appeal came before the Court for oral argument on January 23, 2012. Having fully considered all the papers on file and the arguments presented, the Court rules as follows: the Judgment of the Bankruptcy Court is **AFFIRMED**.

The Crouses filed a voluntary Chapter 13 bankruptcy petition on November 4, 2010. Appellee Agricredit Acceptance, LLC ("Agricredit") filed objections to the Debtors' valuation of certain property–over which it is undisputed that Agricredit had security interests. In response to Agricredit's objections, Bankruptcy Judge Altenberger held a valuation hearing on April 19, 2011. At the valuation hearing, the parties adduced evidence as to the value of a 1990 Case IH 9150 Tractor. Edward Baylis, a licensed auctioneer, testified for the Debtors that the Tractor was worth

$17,000.00. Agricredit's employee Adam Steinkamp testified that the Tractor should be valued at $45,000.00. Judge Altenberger determined the value of the Tractor to be $25,000.00.

Debtors now argue that Judge Altenberger improperly considered Agricredit's evidence of "replacement value." According to Debtors, the Bankruptcy Court indicated that evidence of auction value (the evidence Debtors presented on the Tractor) could "never" constitute replacement value (Doc. 8). Debtors complain that Agricredit's witness did not closely inspect the vehicle, and that lack of inspection forecloses the possibility that Agricredit's witness correctly valued the vehicles "warts and all," as is required by *Rash* and its progeny. *See In re Gonzalez,* 295 B.R. 584, 591 (N.D.Ill. 2003), *citing Associates Commercial Corp. v. Rash,* 520 U.S. 953, 959 (1997).

The Supreme Court's *Rash* decision was codified in 11 U.S.C. 506(a)(2), as the statute now directs that replacement value is basis for valuing secured claims on property and that "replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined." 11 U.S.C. § 506(a)(2). The Court cannot say from the record that the Bankruptcy Court erred in application of this legal standard to the valuation of the above-detailed property. As Agricredit points out in its appellate response, Judge Altenberger acknowledged at the valuation hearing that an auction value could constitute the replacement value–the Bankruptcy Court did not make the blanket repudiation of auctioneer valuation that Debtors suggest (Doc. 12). As the Bankruptcy Court correctly sought the replacement value of the vehicle, this Court's review is limited to whether the Bankruptcy Court's adjudgment of the witness at the valuation hearing was in clear error. *See Kovacs v. United States,* 614 F.3d 666, 672 (7th Cir. 2010) ("A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed.") (internal citations and quotations omitted).  Though on appeal the Court finds Debtors' argument–that an auctioneer might be able to more accurately relay the value of farm equipment than an expert consulting dealer guides–persuasive, the Court cannot and will not find that there is any clear error in the Bankruptcy Court's valuation finding.  Judge Altenberger heard the testimony of both parties' witnesses and was able to make an in-person credibility determination.  The Court is not firmly convinced that any mistake was made as to the valuation of these vehicles.

The Judgment of the Bankruptcy Court will therefore be **AFFIRMED.**  The Clerk of Court is **DIRECTED** to enter Judgment in this case accordingly.

**IT IS SO ORDERED.**

DATED: January 23, 2012

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge